United States District Court
Southern District of Texas
**ENTERED**
July 02, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CARRINGTON MORTGAGE SERVICES, LLC, § § § Plaintiff, § § VS. § MICHAEL ALIGADA, *et al.*, § § § Defendants. § | CIVIL ACTION NO. 2:23-CV-00124 |

## MEMORANDUM AND RECOMMENDATION

In May 2023, Plaintiff Carrington Mortgage Services, LLC ("Carrington"), filed a complaint against Defendants Shawn Tackett, Joseph Tackett, Michael Aligada, Jaick Aligada, Michelle O'Donnell-Matte, Rochelle O'Donnell-Suarez, Angellove Bernal, Princesslove Abelong-Suarez, and Walter DaSilva. (D.E. 1). Carrington seeks to non-judicially foreclose on a property and requests declaratory relief necessary to achieve that goal. (*Id.*). Carrington's claims against Shawn and Joseph Tackett have been dismissed. (D.E. 13). Currently pending is Carrington's motion for default judgment (D.E. 31) against all remaining Defendants.

For the reasons discussed further below, it is recommended that the motion (D.E. 31) be **GRANTED** and a default judgment be entered against all remaining Defendants in favor of Carrington on each of its claims.

## I. BACKGROUND

### a. *Complaint*

In the complaint, Carrington alleges the following. (D.E. 1). Carrington is a mortgagee as defined under Texas law. (*Id.* at 1). Steven Tackett and Marlene Tackett were borrowers under a loan agreement and owned real property commonly known as 4825 Wooldridge Rd., Corpus Christi, Texas 78413 ("the Property"). (*Id.* at 1-2, 4). Steven Tackett died in November 2021 and Marlene Tackett died in August 2022. (*Id.* at 2). No probate was open for their estates. (*Id.*). Each of the named defendants was an heir at law of Steven or Marlene Tackett. (*Id.* at 2-3).

Carrington further alleges that, in December 2012, Steven Tackett executed a Note in the amount of $214,500, with an annual interest rate of 3.250 percent. (*Id.* at 6). At the same time, Steven and Marlene Tackett executed a Deed of Trust ("Security Instrument" and, together with the Note, "the Loan Agreement") granting Bank of America, its successors and assigns, a security interest in the Property. This Deed of Trust was recorded in Nueces County, Texas, in February 2013. (*Id.*). Subsequently, Bank of America transferred and assigned the Loan Agreement to Carrington. (*Id.* at 7).

Carrington further alleges that, under the terms of the Loan Agreement, the Tacketts were required to pay when due the principal and interest on the debt. (*Id.*). If they failed to do so, the lender could enforce the Deed of Trust by selling the Property under the law and in accordance with provisions in the Loan Agreement. The Loan entered default and a notice of such default was sent in accordance with the Loan Agreement and applicable

2

state laws. (*Id.*). The default was not cured, and the maturity of the Loan Agreement was accelerated. (*Id.* at 8).

Carrington seeks a declaratory judgment stating that "it is the owner and holder of the Note and beneficiary of the Deed of Trust." (*Id.*). It seeks a further declaration that it is a mortgagee under Texas law and is authorized to enforce the power of sale in the Deed of Trust through foreclosure of the property. (*Id.*). Carrington seeks a declaration that it has a statutory probate lien against the property under the terms of the Loan Agreement and Texas law. (*Id.* at 8-9). Carrington seeks an order of the Court to enforce this statutory probate lien through non-judicial foreclosure and to have the property sold at a public auction. (*Id.* at 9-10). Alternatively, Carrington seeks a judicial foreclosure. (*Id.* at 10). Carrington additionally seeks a declaration and judgment that all Defendants are divested of their right, title, and interest in the Property, and that all right, title, and interest in the property is vested in Carrington. (*Id.* at 10-11). Finally, if any person occupies or claims possession of the Property after transfer of all right, title, and interest to Carrington, then Carrington requests a writ of possession against any occupant. (*Id.* at 11). Carrington also seeks attorney's fees. (*Id.*).

      b.   *Service and Entry of Default*

Summonses were issued as to all Defendants on May 10, 2023. (D.E. 3). Each of the Defendants other than O'Donnell-Matte was served with a copy of the complaint and the summons in June 2023, and these Defendants' answers were due by July 5, 2023, at the latest. (D.E. 6, 7, 8, 10, 11, 12); Fed. R. Civ. P. 12(a)(1)(A)(i). O'Donnell-Matte was

3

served in September 2023 and her answer was due by October 11, 2023. (D.E. 27); Fed. R. Civ. P. 12(a)(1)(A)(i). None of the Defendants has filed an answer or otherwise made an appearance in this case.

On September 7, 2023, the clerk entered default against Defendants Michael and Jaick Aligada, O'Donnell-Suarez, Bernal, Abelong-Suarez, and DaSilva. (D.E. 20). On November 7, 2023, the clerk entered default against O'Donnell-Matte. (D.E. 30).

    *c.*    *Submitted Evidence*

On December 27, 2012, Steven Tackett executed a Note in which he promised to pay $214,500 plus an annual interest rate of 3.25% to lender Bank of America for a loan secured by the Property. (D.E. 31-1 at 8-10). At the same time, Steven and Marlene Tackett executed a Deed of Trust that granted Bank of America, its successors and assigns, a security interest in the Property. (*Id.* at 12-33). The Tacketts were required to pay when due the principal of, and interest on, the debt. (*Id.* at 8, 14). All notices related to the Deed of Trust were required to be in writing and sent by first-class mail to the Property. (*Id.* at 9, 21). If the Tacketts were to breach any covenant or agreement, the lender was required to give notice before any acceleration of the loan. (*Id.* at 9, 23). The notice would specify the default, the action required to cure the default, and a date not less than 30 days from the notice by which the default must be cured. (*Id.* at 23). The notice would include a warning that failure to cure the default would result in acceleration of the loan. (*Id.*). If the loan was accelerated, the noteholder would be entitled to expenses, including

reasonable attorney's fees. (*Id.* at 9). On December 27, 2022, Bank of America assigned the Loan Agreement to Carrington. (*Id.* at 35-36).

On October 3, 2022, Bank of America sent a notice of default and intent to accelerate to the Property. (*Id.* at 39-71). Copies of this notice were sent to Steven Tackett, Marlene Tackett, and the Estate of Steven Tackett. (*Id.*). The notice explained what was necessary to bring the loan current and stated that failure to cure the default by November 12, 2022, would result in the acceleration of the loan and sale of the property. (*Id.* at 40, 48, 56, 65). The notice also indicated that the noteholder would be entitled to reasonable attorney's fees. (*Id.*).

On January 19, 2023, Carrington sent a notice of acceleration of loan maturity to the Property. (*Id.* at 75-77). Copies of this notice were sent to Steven Tackett and Marlene Tackett. (*Id.*). The notice indicated that all unpaid principal and accrued interest were due and payable as of January 19, 2023. (*Id.*).

None of the defendants is on active-duty military service. (*Id.* at 79-134).

## II.   DISCUSSION

In the motion for default judgment, Carrington argues that the Court should render a default judgment against Defendants because they have failed to file a responsive pleading or otherwise defend against the claims. (D.E. 31 at 5). Carrington notes that it does not seek damages, but only a declaratory judgment, so no hearing is necessary to establish damages. (*Id.* at 5-6). Carrington contends that it has shown everything necessary under Texas law to foreclose under a security instrument, including that: (1) a debt exists;

5

(2) the debt is secured by a lien created under Texas law; (3) the borrower is in default; and (4) the borrower was properly notified of default and acceleration. (*Id.* at 6-7). Carrington argues that, although it is entitled to court costs and attorney's fees, those are to be determined by a later motion. (*Id.* at 7-8).

"A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. Fed.R.Civ.P. 55(a). After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*." *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (internal citations omitted).

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). However, a default alone "does not in itself warrant the court in entering a default judgment." *Id.* Instead, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Id.* Although the court may hold an evidentiary hearing, a hearing is not required before granting a default judgment, particularly where sufficient evidence exists in the record. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993); Fed. R. Civ. P. 55(b)(2).

"To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art.

6

16 § 50(a)(6) of the Texas Constitution; (3) [the borrowers] are in default under the note and security instrument; and (4) [the borrowers] received notice of default and acceleration." *Singleton v. U.S. Bank Nat'l Ass'n*, No. 4:15-CV-100-A, 2016 WL 1611378, at *7 (N.D. Tex. Apr. 20, 2016) (citing *Huston v. U.S. Bank, Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. Dec. 19, 2013), aff'd, 583 Fed.Appx. 306 (5th Cir. 2014)).

Under Texas law, "the estate of a person who dies intestate vests immediately in the person's heirs at law." Tex. Est. Code Ann. § 101.001(b). An estate vests subject to the payment of, and is still liable for, the debts of the decedent. *Id.* § 101.051(b). The prevailing party in a case seeking a declaratory judgment or raising a breach of contract claim is entitled to reasonable attorney's fees. Tex. Civ. Prac. & Rem. Code Ann. §§ 37.009, 38.001.

Here, the Defendants have failed to plead or otherwise respond to the complaint, the clerk has entered a default against each of them, and Carrington has made the necessary showing that it is entitled to a default judgment on its declaratory judgment claims. Carrington has both alleged and submitted evidence showing that (1) Steven Tackett executed a Note payable to Bank of America as lender on a loan secured by the Property; (2) Steven and Marlene Tackett executed the Security Instrument granting Bank of America a security interest in the Property that was recorded in the Official Public Records of Nueces County; (3) Bank of America assigned the Loan Agreement to Carrington, which is now the mortgagee of the Deed of Trust; (4) the Tacketts failed to abide by the terms of the Loan Agreement, which entered default; and (5) the Tacketts were sent proper

notice of default and intent to accelerate, and subsequent notice of the acceleration. (D.E. 1 at 6-8; D.E. 31-1 at 8-10, 12-33, 35-36, 39-71, 75-77). Thus, Carrington has alleged and presented evidence showing each of the necessary elements in support of a foreclosure and that it is the proper party to seek foreclosure. *Singleton*, 2016 WL 1611378 at *7. Further, Carrington has properly alleged that each of the named Defendants is an heir under Texas law following the intestate deaths of Steven and Marlene Tackett. (D.E. 1 at 2-3). Finally, under Texas law, Carrington is entitled to costs and reasonable attorney's fees, which they seek as a further obligation owed under the Note and Security Instrument. Tex. Civ. Prac. & Rem. Code Ann. §§ 37.009, 38.001.

Based on these findings, it is recommended that the Court award the following relief:

(1) Judgment against Defendants for court costs;

(2) Judgment against Defendants for reasonable attorneys' fees as a further obligation owed under the Note and Security Instrument;

(3) Judgment declaring that Carrington is the owner and holder of the Note, beneficiary of the Security Instrument and mortgagee, as defined under Texas Property Code section 51.0001;

(4) Judgment declaring that the outstanding balance of the Note, prejudgment interest, post-judgment interest from the date of judgment until paid, and costs of court are secured by the Security Instrument on the Property; and

(5) Judgment declaring that Carrington may foreclose on Defendants' interest on the Property pursuant to the Deed of Trust and the Texas Property Code.

## III.  RECOMMENDATION

Accordingly, it is recommended that the motion (D.E. 31) be **GRANTED** and a default judgment be entered against all remaining Defendants in favor of Carrington on each of its claims as detailed above.

Respectfully submitted on July 2, 2024.

_____
Julie K. Hampton
United States Magistrate Judge

### NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).